IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ED FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-11-235-RAW |
| | ) |
| OHIO CASUALTY CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

# O R D E R

Before the court is the motion to remand by the plaintiff. On March 4, 2011, plaintiff (an Oklahoma resident) commenced an action in the District Court of Wagoner County, Oklahoma, alleging that the defendants breached a duty of good faith and fair dealing to plaintiff. The named defendants were out-of-state insurance companies and Gregory Beauchamp, an Oklahoma resident. In the state court petition, Beauchamp is identified as an independent insurance investigator. Plaintiff alleges that "Beauchamp did not conduct a fair and reasonable investigation of Plaintiff's claim and breached his duty to the Plaintiff." (Petition, ¶40).

On July 8, 2011, defendants filed a notice of removal and an amended notice of removal in this court. The asserted basis for federal jurisdiction is diversity of citizenship. The removal documents acknowledge that defendant Beauchamp is non-diverse but assert the doctrine of fraudulent joinder. A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921). Defendants must show that plaintiff either (1) committed outright

fraud in pleading the jurisdictional facts, or (2) has no possibility of recovery against the non-diverse defendant. *Ryan v. State Farm Fire and Cas. Co.,* 2010 WL 56153 (N.D.Okla.). Defendants in the case at bar have focused upon the second option.

There is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995). Removal statutes are to be strictly construed and all doubts are to be resolved against removal. *Fajen v. Found. Reserve Ins.*, 683 F.2d 331, 333 (10th Cir.1982). The removing party bears the burden of establishing that the requirements for diversity jurisdiction have been met. *See Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir.2001).

"The case law places a heavy burden on the party asserting fraudulent joinder." *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir.2000)(unpublished). After disputed questions of fact and ambiguities in the controlling law are resolved in favor of the non-removing party, the court then determines "whether that party has any possibility of recovery against the party whose joinder is questioned." *Id.* The court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant. A "reasonable basis" means just that: the claim need not be a sure thing, but it must have a basis in the alleged facts and the applicable law. *Nerad v. AstraZeneca,* 203 Fed.Appx. 911 (10th Cir.2006)(unpublished). "If there is even a possibility that a state court would find the complaint states a cause of action against the non-diverse defendant, the federal court must find joinder was proper and remand the case to state court." *McCoy v. Express Energy Services,* 2009 WL 1925829 (W.D.Okla.).

In cases where fraudulent joinder is alleged, the court should "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.,* 329 F.2d 82, 85 (10th Cir.1964). Although the court can pierce the pleadings,

"[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, Rock Island & Pac. R.R. Co.,* 378 F.2d 879, 881-82 (10th Cir.1967).

Plaintiff points to *Brown v. State Farm Fire and Cas. Co.,* 58 P.3d 217 (Okla.Civ.App.2002), in which the Oklahoma Court of Civil Appeals held that an insurance investigator, hired by an insurance company to investigate the cause of a fire at the insured's property, had a duty to the insured to conduct a fair and reasonable investigation. *Id.* at 223. Defendants make a valiant effort to argue for a narrow interpretation of *Brown* and to present distinguishing facts, but the court is ultimately persuaded that the standard for proving fraudulent joinder has not been met. There is a reasonable basis to believe the plaintiff <u>might</u> succeed in his claim against Beauchamp, and this court will not "pre-try" the cause of action.

It is the order of the court that the motion of the plaintiff to remand (#15) is hereby GRANTED. Pursuant to 28 U.S.C. §1447(c), this action is hereby remanded to the District Court of Wagoner County, State of Oklahoma.

**ORDERED this <u>18th</u> day of NOVEMBER, 2011.**

**Dated this 18th day of November, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma